IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
(Southern Division)

| | |
|---|---|
| MARK POWELL, *on behalf of himself and others similarly situated*,<br><br>　　　*Plaintiffs*,<br>v.<br><br>PILOT CATASTROPHE SERVICES, INC.,<br><br>*Defendant*. | Case No. __1:23cv85 LG-RPM__<br><br>**COLLECTIVE ACTION COMPLAINT**<br>**29 U.S.C. § 216(b)**<br><br>**JURY DEMAND** |

## COMPLAINT

Plaintiff Mark Powell ("Plaintiff"), on behalf of himself and others similarly situated, files his complaint against Defendant Pilot Catastrophe Services, Inc. ("Pilot") and alleges as follows:

### NATURE OF THE CLAIMS

1. The Fair Labor Standards Act of 1938 ("FLSA") guarantees that covered employees receive overtime pay, at the rate of time-and-a-half, when they work more than 40 hours per week.

2. Pursuant to *Helix Energy Solutions Group, Inc. v. Hewitt*, 143 S. Ct. 677 (2023), employees who are paid "solely on a daily rate" are—and always have been, since before 2017—entitled to overtime pay for all hours worked in excess of 40 hours in a work week.

3. Plaintiff brings this action, on behalf of himself and others similarly situated, to recover liquidated damages for unpaid wages and overtime under the FLSA, 29 U.S.C. § 201, *et seq*.

4. Plaintiff's claims under the FLSA are brought as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of himself and all other similarly situated persons who were/are employed by Pilot as "Adjuster Team Leads" for the period of April 3, 2020 to the final disposition of this action

(the "Class Period").  Plaintiff, and the similarly situated persons he seeks to represent in this collective action, constitute the "FLSA Class."

5.      The FLSA Class members are similarly situated persons because Pilot paid them as "day rate" employees, subjected them to the same policies, terms and conditions of employment by Pilot, denied payment of overtime hours worked pursuant to a common policy or practice of Pilot, and denied compensation for all hours worked pursuant to a common policy or practice of Pilot.

## PARTIES AND FLSA CLASS DEFINITION

6.      Plaintiff Mark Powell is an adult citizen of the State of Mississippi, he was employed as a "Adjuster Team Lead" for Pilot during the Class Period, and he performed work for Pilot in Mississippi and throughout the United States.

7.      Defendant Pilot Catastrophe Services, Inc. is a corporation organized under the laws of Alabama with its principal place of business at 1055 Hillcrest Road, Suite F-1, Mobile, Alabama 36695.  It may be served with process through its registered agent, CT Corporation System, at 645 Lakeland East Drive Suite 101, Flowood, Mississippi 39232.

8.      The FLSA Class is comprised of all "Adjusters" and "Adjuster Team Leads"[1] employed by Pilot in its inside, outside, remote or field departments from April 3, 2020 through the final determination of this action.  As set forth more fully below, Pilot paid (and pays) its Adjusters and Adjuster Team Leads a "day rate" irrespective of the hours actually worked in any given day or in any given week.

9.      Plaintiffs propose the following FLSA Class definition:

---

[1] Sometimes, Pilot's Adjuster Team Leads are referred to by Pilot or insurance carriers it services as "Adjuster Managers."

> All "Adjuster Team Leads" and "Adjusters" employed by Pilot Catastrophe Services, Inc. who were paid a "day rate" for work performed at any time and for any duration of employment since April 3, 2020.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action involves federal questions regarding Plaintiffs' and the FLSA Class's entitlement to full payment for all hours worked and for overtime pay for all hours worked exceeding 40 hours in a work week.

11. This Court has personal jurisdiction over Pilot because it transacts business in Mississippi and Plaintiff's claims arise from Pilot's contacts with the forum state.

12. Venue is proper in this district under 28 U.S.C. § 1391 because events, acts, or omissions giving rise to this action occurred in the Southern District of Mississippi, from where Plaintiff Powell performed work for Pilot. Pilot routinely corresponded with Plaintiff Powell in this district, directed Plaintiff Powell to perform work for Pilot from within this district, paid wages to Plaintiff Powell in this district, and failed to pay overtime wages to Plaintiff Powell for work performed in this district.

## GENERAL ALLEGATIONS

13. Pilot is an independent adjuster firm in the property, commercial, and automobile insurance industry.

14. Pilot contracts with insurance companies. Pursuant to those contracts, Pilot allocates and directs its employees to perform claims adjusting services for those insurance companies in multiple locations in the United States.

15. Among others, Pilot employs "claims adjusters" ("Adjusters") and "Adjuster Team Leads." Adjusters examine and adjust property and automobile damage. Adjuster Team Leads manage Adjusters.

16.     Insurance companies pay Pilot a flat "day rate" for Adjusters and Team Leads. Although these day rates vary, insurance companies typically pay Pilot $500.00 per day for Adjusters and over $800.00 per day for Team Leads.

17.     Pilot, in turn, pays its Adjusters a flat day rate irrespective of hours worked in a given day or week. Adjusters receive no other forms of compensation and, as wage-earning employees, they are not entitled to take business deductions for expenses they personally incur in performing work for Pilot.

18.     Pilot pays its Adjuster Team Leads a flat day rate irrespective of hours worked in a given day or week. Adjuster Team Leads receive no other forms of compensation and, as wage-earning employees, they are not entitled to take business deductions for expenses they personally incur in performing work for Pilot.

19.     Pilot's policies and procedures dictate that Adjuster Team Leads and Adjusters are expected to work 12-hour days, from 7:00 a.m. to 7:00 p.m., seven days per week. On average, Adjuster Team Leads and Adjusters work 84 hours per week, which includes 44 hours of overtime that should be compensated at the statutory rate of one and one-half times their calculated hourly rate.

20.     To the extent Pilot purports to pay (or purported to pay) its Adjusters and Adjuster Team Leads a guaranteed weekly salary, any such salary does not and did not bear a "reasonable relationship" to the weekly wages Adjusters and Adjuster Team Leads typically earned in an average work week. A 'reasonable relationship' exists only where the "weekly guarantee is roughly equivalent to the employee's usual earnings at the assigned hourly…rate for the employee's normal scheduled workweek." 29 C.F.R. § 541.604(b).

21.     Moreover, to the extent Pilot purports to pay (or purported to pay) its Adjusters and Adjuster Team Leads a guaranteed weekly salary, the amount of that purported guaranteed weekly salary evidences Pilot's knowing and willful violation of the FLSA. That is because the Department of Labor has made clear—before the Class Period began—that typical weekly earnings bear a 'reasonable relationship' to a guaranteed weekly salary if the typical weekly earnings are no more than 1.5 times the guaranteed weekly salary. Conversely, the Department of Labor has made clear that typical weekly earnings do not bear a reasonable relationship to a guaranteed weekly salary when the typical weekly earnings are 1.8 times the guaranteed weekly salary. *See, e.g.*, 29 C.F.R. § 541.604; *see also* Op. Ltr., Dept. of Labor, Wage & Hour Div., FLSA2018-25 (Nov. 8, 2018).

22.     Therefore, to satisfy this "salary basis" test to exempt Plaintiff from the FLSA, Pilot would have to pay a guaranteed weekly salary of at least $2,333.33, such that the typical weekly earnings of $3,500 ($500/day for 7 days) would equal 1.5 times that guaranteed weekly salary. Pilot knowingly failed to do this.

                 i.  **Plaintiff Mark Powell**

23.     Pilot employed Powell as an Adjuster Team Lead during the period April 3, 2020 to present.

24.     During the Class Period, Pilot paid Powell a day rate of $500 per day. Day rates paid to the FLSA Class were and are substantially similar to Powell's day rate.

25.     Pilot paid Powell that day rate irrespective of the number of hours Powell actually worked on any given day or in any given week.

26. If Powell did not work on a particular day, Pilot paid him nothing for that day. If Powell worked one hour on a particular day, Pilot paid him $500. If Powell worked 12 hours on a particular day, Pilot paid him $500.

27. During the Class Period, Powell worked on average at least 84 hours per week, such that, on average, Pilot should have paid Powell at least 44 hours of overtime every week.

28. The FLSA Class also regularly worked more than 40 hours per week but, like Powell, were paid only a day rate irrespective of hours actually worked and were not paid overtime.

29. For a 40-hour, five-day workweek, Powell's hourly rate of pay equals $62.50 per hour.

30. At the statutory rate of time-and-a-half, Powell's overtime rate would equal $93.75 per hour.

31. During the Class Period, Powell worked at least 84 hours per week (44 hours of overtime) for 35 weeks. In other words, Powell worked at least 1,540 hours for which he should have been paid overtime. Therefore, Powell was entitled to at least $144,375 in overtime wages, which Pilot refused or failed to pay him.

## FLSA COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings his FLSA claim as a collective action on behalf of himself and all other similarly situated persons who are/were employed by Pilot as Adjusters and Adjuster Team Leads during the Class Period.

33. The basic job duties of the FLSA Class were/are the same or substantially similar to those of Plaintiff, and the members of the FLSA Class were/are paid in the same manner and under the same terms and conditions, common policies, plans, and practices as Plaintiff.

34. The FLSA Class, like Plaintiff, has been subject to the same unlawful policies, plans and practices of Pilot, including paying the FLSA Class a day rate without regard to number of hours actually worked in a day or in a week and by failing to pay the FLSA Class overtime wages.

35. During the Class Period, Pilot was aware of its obligations under the FLSA and knowingly refused and failed to pay its Adjusters and Adjuster Team Leads overtime wages.

36. During the Class Period, Plaintiff and FLSA Class members were employees under the FLSA, 28 U.S.C. § 203(e).

37. During the Class Period, Pilot was a covered employer under the FLSA, 29 U.S.C. § 203(d).

38. In each of the past three years, Pilot has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(l) of the FLSA, 29 U.S.C. § 203(s)(1), in that Pilot has had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and Pilot has had and continues to have annual gross volume of sales made or business done in excess of $500,000, exclusive of excise taxes at the retail level which are separately stated.

39. Pilot has, during the Class Period, been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

40. Plaintiff was never exempt from overtime under the FLSA while employed as an Adjuster Team Lead during the Class Period.

41. The FLSA Class members were never exempt from overtime under the FLSA while employed as Adjusters or Adjuster Team Leads during the Class Period.

42. During the Class Period, Plaintiff and the FLSA Class members routinely worked more than 40 hours per week, and Pilot knew that.

43. Pilot was aware of its obligations under the FLSA because, among other things, the Court of Appeals for the Fifth Circuit decided *Helix* in December 2020, which clearly and unambiguously held that employees who were paid a day rate were entitled to overtime wages. Nevertheless, Pilot persisted in undercompensating the FLSA Class, failed to true up any earned but unpaid wages, and continued—and continues to this day—to pay the FLSA Class on a daily rate without compensating the FLSA Class for overtime wages.

44. As a result of Pilot's conduct alleged here, it violated 29 U.S.C. § 207 by failing to pay Plaintiff and the FLSA Class for overtime wages at the rate of time-and-a-half for all hours worked in excess of 40 hours during a work week.

45. Pilot's violations of the FLSA were willful, repeated, knowing, intentional and without a good faith basis, and they significantly damaged Plaintiff and the FLSA Class.

46. As a result of its conduct, Pilot is liable to Plaintiff and the FLSA Class for the full amount of their unpaid wages, including liquidated damages and attorneys' fees and costs incurred by Plaintiff and the FLSA Class in pursuing this action.

47. The FLSA Class is comprised of at least 1000 Adjusters and 200 Adjuster Team Leads who work or worked for Pilot during the Class Period. The actual number is likely greater.

48. Accordingly, Pilot should be required to provide Plaintiff with a list of all persons employed by Pilot as Adjusters or Adjuster Team Leads during the Class Period, along with their last known address, telephone numbers, and email addresses so Plaintiff and his counsel may provide the FLSA Class notice of this action and an opportunity to make an informed decision about whether to participate in this FLSA Collective Action.

## **COUNT ONE**

### **FAILURE TO PAY OVERTIME**
### **29 U.S.C. § 207**

49. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

50. The FLSA requires covered employers, such as Pilot, to pay all non-exempt employees at a rate of not less than one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per work week.

51. Pilot did not pay Plaintiff and the FLSA Class for all hours worked, including for hours that exceeded 40 hours per work week.

52. Plaintiff and the FLSA Class were not and are not exempt from the provisions of the FLSA during the Class Period.

53. Plaintiff and the FLSA Class were employees of Pilot during the Class Period.

54. Pilot's violations of the FSLA, including its failure to pay Plaintiff and the FLSA Class for overtime hours worked, were both knowing and willful within the meaning of the FLSA—particularly because, among other things, the Court of Appeals for the Fifth Circuit held in December 2020 that employees paid a daily rate are entitled to overtime wages for all hours worked in excess of 40 hours in a work week. *See Helix*, 983 F.3d 789 (5th Cir. 2020); *see also Helix*, 15 F.4th 289 (5th Cir. 2021) (en banc), *aff'd by Helix*, 143 S. Ct. 677 (2023).

55. Pilot's violations of the FLSA have significantly damaged Plaintiff and the FLSA Class and entitle them to recover the total amount of their unpaid wages and overtime wages, including an additional amount in liquidated damages, attorneys' fees, and costs incurred in prosecuting this action.

**PRAYER FOR RELIEF**

56. Plaintiff re-alleges and incorporates by reference the allegations contained in the preceding paragraphs as if fully set forth herein.

57. As a direct and proximate result of Pilot's knowing and willful violations of the FLSA, Plaintiff and the FLSA Class have been damaged and are entitled to relief as follows:

   a. An award of amounts equal to the number of overtime hours worked during the Class Period, multiplied by one and one-half times the calculated hourly rate, for Plaintiff and each member of the FLSA Class, plus pre- and post-judgment interest;

   b. An award of liquidated damages equal to the total unpaid overtime wage award because Pilot's violations were willful and/or without a good faith basis;

   c. An award of reasonable attorneys' fees, plus costs and expenses, incurred in prosecuting this action;

   d. A declaration that this action be maintained as a collective action pursuant to 29 U.S.C. § 216;

   e. An order requiring Pilot to provide Plaintiff and his counsel with a list of all persons who were/are engaged by Pilot as Adjusters or Adjuster Team Leads during the Class Period, including all last known addresses, telephone numbers, and email addresses so Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it; and

   f. Award any additional relief and damages permitted by the law and/or deemed just and proper by this Court.

**JURY DEMAND**

58. Plaintiff demands a jury on all issues so triable.

\* \* \* \*

Dated: April 3, 2023

Respectfully submitted,

**Mark Powell,** *on behalf of himself and others similarly situated.*

/s/ Chadwick M. Welch
Chadwick M. Welch (MSB No. 105588)
Heidelberg Patterson Welch Wright
368 Highland Colony Parkway
Ridgeland, Mississippi 39157
Tel. 601.790.1588
Fax 601.707.3075
Email: cwelch@hpwlawgroup.com

*One of his attorneys*

OF COUNSEL:

C. Maison Heidelberg (MSB No. 9559)
Heidelberg Patterson Welch Wright
368 Highland Colony Parkway
Ridgeland, Mississippi 39157
Tel. 601.790.1588
Fax 601.707.3075
Email: mheidelberg@hpwlawgroup.com

Judson M. Lee (MSB No. 100701)
Judson M. Lee, PLLC
2088 Main Street, Suite A
Madison, Mississippi 39110
Tel. 601.707.9711
Fax 601.707.7509
Email: jlee@ms-lawyer.net